UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

InSync Healthcare Solutions, LLC
a Delaware Limited Liability Company

    Plaintiff / Petitioner

-v-

                                      Case No.:

Gateway Counseling, LLC
a Washington Limited Liability Company

    Defendant / Respondent
_____/

## PETITION AND COMPLAINT FOR DAMAGES

Plaintiff/Petitioner, InSync Healthcare Solutions, LLC ("InSync" "Petitioner" or "Plaintiff"), by and through the undersigned counsel, hereby files this Petition and Complaint against Defendant/Respondent, Gateway Counseling, LLC ("Gateway" "Respondent" or "Defendant"), and states as follows:

## INTRODUCTION

1. On May 27, 2020, Gateway entered into a software license agreement to purchase InSync's electronic medical records and practice management software.

2. The documents governing the transaction require any litigation to take place in the court of record of Hillsborough County, Florida (hereby the "Venue Policy"); and that prior to filing any litigation the parties must attend pre-suit mediation in Tampa, Florida (hereinafter the "Mediation Policy").

3. Gateway has engaged counsel in Spokane Valley, Washington. On February 05, 2021, InSync received a demand letter from Gateway's counsel who threatened to immediately file suit against InSync within the Eastern District of Washington (the "Demand Letter").

4. The claims which Gateway asserts in their Demand Letter fall squarely within the scope of the binding forum-selection clause and Venue Policy.

5. Further, upon receipt of the Demand Letter, on February 05, 2021 InSync requested that the party's attend pre-suit mediation in accordance with the Mediation Policy.

6. On February 08, 2021, Gateway's counsel stated that Gateway refuses to mediate with InSync in accordance with the Mediation Policy.

7. In addition, to refusing to mediate, Gateway has resorted to extortion against InSync as defined by Florida Statue §836.05.

8. Specifically, Gateway has stated that unless InSync pays Gateway, a "complaint will be filed with the Washington State Attorney General's Office and the Florida State Attorney General's Office. Additionally, a complaint will be filed with your local BBB and online reviews will be submitted to all major online review websites. We will see to it that as many people know about the business practices of InSync Healthcare Solutions, LLC as possible."

9. In addition to damages for violating §772.104, InSync seeks a declaratory and anti-suit injunction and an order compelling: (1) mediation prior to filing of any claims referenced in the Demand Letter by Gateway; and (2) if mediation is unsuccessful requiring any litigation to take place within the Courts of Record for Hillsborough County, Florida.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is a diversity of citizenship, and the amount of the damages and injunctive relief sought has a monetary value exceeding $75,000.00.

11. This Court has personal jurisdiction over Gateway under the Florida Long Arm Statute, § 48.193 (1)(a), Florida Statutes. Gateway has committed a tort within the State, Gateway

has refused to mediate to Florida and initiate claims in Florida, further Gateway has sufficient business dealings with the State of Florida.

12. Venue in this District is proper pursuant to 28 U.S.C. §1391 because the mediation was to transpire in Tampa, Florida and Gateway seeks to act in direct violation of an agreement directing performance in Tampa, Florida.

## PARTIES

13. InSync Healthcare Solutions, LLC is a limited-liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Hillsborough County, Florida. The members of InSync are residents of the State of Florida. Accordingly, InSync is a citizen of the States of Delaware and Florida.

14. Gateway Counseling, LLC, is a limited liability company organized and existing under the laws of the State of Washington, with its principal place of business in Spokane County, Washington. The members of Gateway are residents of the State of Washington. Accordingly, Gateway is a citizen of Washington State.

15. There is complete diversity of citizenship.

## FACTUAL BACKGROUND

A. **AGREEMENTS**

16. InSync provides electronic medical records and practice management software to medical providers throughout the United States.

17. On May 27, 2020, Gateway entered into a software license agreement (the "Agreement") to purchase InSync's electronic medical records and practice management software (the "Software" or "InSync Software"). A copy of the Agreement is attached hereto as **Exhibit 1**.

18. On Page 2 of the Agreement, there is a hyperlink embedded within the agreement to a document titled "Terms and Conditions of Use and Account Information" (the "Terms and Conditions").

19. Neal Hayden on behalf of Gateway initialed below the link, indicating that the Terms and Conditions hyperlinked and embedded within the Agreement were part of the Agreement. A true and correct copy of the Terms and Conditions are attached hereto and incorporated herein as **Exhibit "2"**.

20. In addition to the Terms and Conditions incorporated into the Agreement, once Neal Hayden logged into the InSync Software platform, Hayden weas required to electronically read and sign a separate copy of the identical Terms and Conditions before Gateway could access and use InSync's Software. (Such acceptance was a condition of use set forth within page 2 of the Agreement.)

21. Hayden on behalf of Gateway electronically accepted the EMR Terms and Conditions on September 30, 2020. A true and correct copy of the acceptance records are attached hereto and incorporated within **Composite Exhibit "3"** as **Exhibit "3-A."**

22. A true and correct copy of the accepted Terms and Conditions is attached hereto and incorporated within **Composite Exhibit "3"** as **Exhibit "3-B."**

B.  **PRE-SUIT MEDIATION REQUIREMENT & FORUM-SELECTION CLAUSES**

23. Prior to engaging in litigation, InSync's contracts have a Mediation Policy requiring that the Parties attend pre-suit mediation; and a Venue Policy dictating Hillsborough County, Florida as the exclusive venue for any claim.

24. Specifically, Page 2 of the Agreement states

> Customer and InSyncHCS expressly agree that: (1) **the exclusive jurisdiction for any dispute between the Parties (whether relating to this Agreement or otherwise) shall be the court of record for Hillsborough County, Florida**; and (2) **prior to filing any cause of action, or legal proceeding, the Parties agree that they will first be required to attend in-person mediation in Tampa, FL. Both Parties agree to send a representative with full settlement authority to the mediation.** All mediation costs (excluding a party's travel costs) shall be split between the Parties. The foregoing, the pre-suit mediation requirement will be waived and not required in the event InSyncHCS brings an action against Customer for unpaid fees. (emphasis added)

25. Further Section 28 & 29 of the Terms and Conditions also require pre-suit mediation and Hillsborough County, Florida venue.

> 28. Dispute Resolution. **Prior to filing any cause of action, or legal proceeding, with the requisite court of law, the Parties agree that they will first be required to attend in-person mediation in Tampa, Florida. Both Parties agree that they will send a representative with full settlement authority to the mediation.** The cost of the in-person mediation shall be split amongst the parties but shall not include travel costs of either party associated with attending the in-person mediation. Notwithstanding the foregoing, the pre-suit mediation requirement will be waived and not required in the event INSYNC HCS brings an action against the Practice for unpaid Services Fees or other unpaid fees.

> 29. Governing Law & Venue. This Agreement shall be governed and construed in accordance with the laws of the State of Florida applicable to agreements made and to be performed in Florida without reference to its principles of conflict of laws. **The Practice expressly agrees that any legal action or proceeding between INSYNC HCS and the Practice for any purpose concerning or related to this Agreement, the EMR/PM Services, the EMR/PM Value Added Services, or the INSYNC HCS EMR/PM System, or the parties' obligations hereunder shall be brought exclusively in a court of record for Hillsborough County, Florida or the United States District Court for the Middle District of Florida – Tampa division**. Practice hereby agrees to consent to personal jurisdiction of the state and federal courts situated within State of Florida for purposes of enforcing this Agreement, and waive any objection that Practice might have to personal jurisdiction or venue in those courts. Neither the course of conduct and/or course of dealing between the parties nor trade practice shall act to modify any provision of this Agreement. (emphasis added).

26. Despite such a clear statement requiring pre-suit mediation and Hillsborough County, Florida venue, Gateway intends to file suit in the Eastern District of Washington (the "Demand Letter"). A copy of the Demand Letter is attached hereto as **Exhibit 4**.

27. Following receipt of the Demand Letter, InSync attempted to schedule mediation for which Gateway refuses to attend.

28. Worse yet, not only will Gateway not mediate, Gateway has improperly taken the position that unless InSync pays them, Gateway will report InSync to various criminal agencies and other third parties. A redacted copy of the refusal to mediate and threats are attached hereto as **Exhibit 5**.)

## COUNT I
## DECLARATORY RELIEF

29. InSync realleges paragraphs 1 through 28.

30. InSync brings this claim for declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202

31. The Venue Policy governing Gateway's relationship with InSync provides that the Court of record for Hillsborough County, Florida is the "exclusive forum" for all disputes between InSync and Gateway.

32. The Mediation Policy makes it clear any claim must be mediated prior to suit being filed.

33. Gateway has unambiguously stated its intent to litigate all claims in the Eastern District of Washington and without attending mediation, in direct contravention of the Mediation Policy and Venue Policy.

34. InSync seeks a judicial determination of whether the Agreement and Terms and Conditions are valid and enforceable, and, accordingly, whether the claims referenced in the Demand Letter must: (i) first be mediated prior to being filed; and (ii) if mediation is unsuccessful regarding any litigation to take place within the Courts of Record for Hillsborough County, Florida.

35. There is a dispute between the Parties; InSync has a justiciable question as to the existence or nonexistence of some right; InSync is in doubt as to the claim; and there is a bona fide, actual, present need for the declaration.

36. A speedy determination pursuant to Federal Rule of Civil Procedure 57 is proper, necessary, and in the interest of judicial efficiency and economy.

37. Pursuant to Section 30 of the Terms and Conditions, InSync is entitled to all fees and costs associated with pursuant this action; and requests all fees accordingly.

WHEREFORE, InSync Healthcare Solutions, LLC respectfully requests that the Court declare: (i) that the Agreement and Terms and Conditions are valid and enforceable; (ii) that the dispute referenced in the Demand Letter must be mediated prior to suit being filed; (iii) that if mediation is unsuccessful regarding any litigation to take place within the Courts of Record for Hillsborough County, Florida; (iv) InSync is entitled to all attorney's fees and costs; and (v) any other relief this Court deems just and proper.

## COUNT II
## ANTI-SUIT INJUNCTION

38. InSync incorporates the allegations stated in paragraphs 1 through 28.

39. InSync seeks an anti-suit injunction, enjoining Gateway from maintaining a lawsuit against InSync for the claims referenced in the Demand Letter: (i) without attending mediation first; and (ii) filing such claims in Eastern District of Washington.

40. Gateway is bound by the mandatory Mediation Policy and Venue Policy, which provides for pre-suit in mediation in Tampa, Florida and all claims to be adjudicated in the Court of Record for Hillsborough County, Florida.

41. Gateway has unambiguously stated his intent to litigate against InSync in violation of the Mediation and Venue Policies.

42. If Gateway prosecutes the litigation against InSync without attending mediation or in the Eastern District of Washington, InSync will be immediately and irreparably harmed, through the loss of its contractual right to presuit mediation and Hillsborough County, Florida venue.

43. InSync has no adequate remedy at law.

WHEREFORE, InSync Healthcare Solutions, LLC respectfully requests that the Court: (i) preliminarily and permanently enjoin Gateway Counseling, LLC from commencing or prosecuting any action or proceeding in the Eastern District of Washington arising out of or relating to Gateway's Agreement with InSync, (ii) compel Gateway to attend pre-suit Mediation with InSync (iii) grant InSync its costs and disbursements of this action, including its reasonable attorney's fees; and (iv) award such other relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF FLORIDA STATUTE § 772.104

44. InSync incorporates the allegations stated in paragraphs 1 through 28.

45. InSync seeks damages pursuant to Florida Statute §772.104.

46. Per Fla. Stat. § 772.104(1) "Any person who proves by clear and convincing evidence that he or she has been injured by reason of any violation of the provisions of s. 772.103 shall have a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts."

47. InSync has been injured pursuant to §772.103(4).

48. On February 08, 2021, when InSync requested to mediate and Gateway responded back that unless InSync paid them Gateway will file "a complaint will be filed with the Washington State Attorney General's Office and the Florida State Attorney General's Office. Additionally, a complaint will be filed with your local BBB and online reviews will be submitted to all major online review websites. We will see to it that as many people know about the business practices of InSync Healthcare Solutions, LLC as possible."

49. Gateway's threats violated or attempted to violate Florida Statue §836.05.

50. A violation or attempted violation of Florida Statute §836.05 is deemed "Criminal Activity" as defined by Florida Statute §772.102(1)(a).

51. Gateway violated Florida Statute §772.103(4) by using criminal activity to procure money from InSync.

52. Accordingly, InSync is entitled to damages and attorney's fees pursuant to §772.104(1).

WHEREFORE InSync Healthcare Solutions, LLC demands judgment against Gateway Gateway Counseling, LLC. for damages, attorney's fees, costs and expenses of this action.

                                             s/Adam Hersh/
                                             Adam Hersh, Esq.
                                             Florida Bar Number 0098549
                                             eService: adam@hunterbusinesslaw.com
                                             Counsel for Plaintiff,
                                             119 S. Dakota Ave
                                             Tampa, FL 33606
                                             Phone: (813) 867-2640
                                             Fax: (813) 867-2641